```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL OBER,                   :
        Plaintiff
                                :

        vs.                     :    CIVIL NO. 1:CV-07-0401

SYNDI GUIDO, RICK BROWN,        :
BARBARA CHRISTIE,
JOANNA REYNOLDS,                :
CHARLES SKURKIS,
JEFFREY MILLER,                 :
        Defendants
```

*M E M O R A N D U M*

*I.   Introduction*

Plaintiff, Darrell Ober, formerly a Captain with the Pennsylvania State Police ("PSP"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Syndi Guido, Rick Brown, Barbara Christie, Joanna Reynolds, Charles Skurkis, and Jeffrey Miller, all PSP employees, retaliated against him for exercising his First Amendment right to speak out on matters of public concern and to redress grievances through the courts. Ober's complaint also mentions a Fourth Amendment claim and sets forth supplemental state-law tort claims for intentional infliction of emotion distress, false light representation, civil conspiracy, and retaliatory constructive discharge.

We are considering Defendants' motion to dismiss (doc. 5) the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we will dismiss

Ober's complaint because he fails to state a claim for retaliation upon which relief could be granted. Additionally, we will decline to exercise jurisdiction with respect to the supplemental state-law claims.

*II.   Background*

This is the fourth lawsuit Ober has filed claiming that various PSP officials retaliated against him for events which occurred during his employment with the PSP. A brief summary of Ober's lawsuits provides necessary background for his claims in this action.

In his first lawsuit, *Ober v. Evanko*, No. 01-cv-00084 (M.D. Pa. 2001) ("Ober I"), Ober claimed that various PSP officials violated his First Amendment rights by retaliating against him for commenting on matters of public concern. Ober contended that the retaliation resulted from his discussion of a police corruption investigation outside of the PSP chain of command. *Ober v. Evanko*, 80 Fed. Appx. 196, 198 (3d Cir. 2003) (nonprecedential). On appeal, the Third Circuit concluded that the communications outside of the chain of command were not protected speech, thereby undermining Ober's First Amendment retaliation claim. *Id*. at 197.

Ober's second lawsuit, *Ober v. Brown*, No. 02-cv-2186 (M.D. Pa. 2002) ("Ober II"), was filed against the attorneys who represented the defendants in Ober I as well as an investigator

who aided the attorneys.  In Ober II, Ober contended that the defendants filed fallacious briefs in Ober I in an attempt to mislead the court.  *Ober v. Brown*, No. 02-cv-2186, slip op. at 3 (M.D. Pa. Sept. 3, 2003).  Ober also alleged that the defendants suborned perjury and "plotted unlawful schemes to discredit at least two of plaintiff's key witnesses in Ober I."  *Id*.  According to Ober, Defendants took these actions to retaliate against him for exercising his First Amendment rights in filing Ober I.  *Id.*  Both the District Court and the Third Circuit Court of Appeals concluded that Ober II failed to state a retaliation claim.  *Id.* at 6; *Ober v. Brown*, 105 Fed. Appx. 345, 347 (3d Cir. 2004) (nonprecedential).

Ober filed his third retaliation lawsuit, *Ober v. Miller*, No. 04-cv-01669 (M.D. Pa. 2004) ("Ober III"), in 2004.  This lawsuit, current pending before Judge Christopher C. Conner in this District, alleges that PSP employees retaliated against Ober for filing Ober I and II and for preparing a memorandum accusing the PSP Commissioner and Deputy Commissioner of misconduct and corruption.

Ober's present retaliation claim ("Ober IV") alleges that the Defendants secretly met and engineered a plan to deter Ober from speaking publicly or filing a lawsuit regarding purported corruption involving PSP Commissioner Jeffrey Miller and Pennsylvania State Senator Vincent Fumo.  Ober claims that Defendants engaged in retaliatory conduct because he

3

communicated confidential information to his attorney about an internal report he intended to file. (doc. 1, ¶ 7). Ober also contends that Defendants planned to retaliate against him for filing the other lawsuits against the PSP. *Id*. ¶ 10.

Present at the meeting, which took place on or about December 2004, were the Defendants, as well as other, unnamed individuals. *Id*. ¶ 8, 9. At the meeting, Ober alleges that Guido asked PSP Commissioner Miller for permission to file a criminal complaint against Ober with the United States Attorney's Office for the Middle District of Pennsylvania. *Id*. ¶ 10. The intended basis for the criminal charges would be allegations of perjury in Ober I with the purpose of destroying Ober's credibility in Ober III, which was, and still is, pending. *Id*. ¶ 14. Miller, in response to the request, gave permission to Defendants Guido and Brown to seek the criminal charges against Ober. *Id*. ¶ 11. Guido and Brown put together an investigative report on Ober and delivered it to the U.S. Attorney's Office; however, officials from the U.S. Attorney's Office declined the invitation to pursue criminal perjury charges against Ober. *Id*. ¶¶ 17, 18.

According to Ober, he "only learned of this unlawful meeting and plan, and who participated, more than a year after it took place, during Syndi Guido's deposition while conducting discovery in [Ober III]." *Id*. ¶ 11. *See also* doc. 13, p. 10 ("The entire state of affairs was litigated by Ober who was

4

unaware at the time of the December 2004 meeting and the efforts that were made to totally destroy him."). Ober, however, also claims that as a result of Defendants' conduct, he "could no longer tolerate the interminable harassment and mistreatment" and he suffered a constructive discharge in choosing to retire. *Id.* ¶ 21.

*III.   Discussion*

   *A. Standard of Review*

A motion to dismiss for failure to state a claim tests the sufficiency of the allegations contained in the plaintiff's complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A court will not grant a motion to dismiss pursuant to Rule 12(b)(6) unless it is apparent that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Seinfeld v. Becherer*, 461 F.3d 365, 367 n.1 (3d Cir. 2006). A court must accept as true all well-pleaded allegations in the plaintiff's complaint and draw all reasonable inferences from the complaint in the light most favorable to the non-moving party. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

   *B.   First Amendment Retaliation Claim*

The First Amendment protects a public employee from retaliation for speech regarding a matter of public concern. *Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001). "In order to plead a retaliation claim under the First Amendment, a

5

plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). According to the Third Circuit, "[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Thomas*, 463 F.3d at 296 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)). "Even 'an act of retaliation as trivial as failing to hold a birthday party for a public employee,' if 'intended to punish her for exercising her free speech rights,' may be actionable if under the circumstances it would be sufficient to 'deter a person of ordinary firmness' from exercising his or her First Amendment rights." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 234-35 (3d Cir. 2000)).

    The complaint's allegations, which we accept as true in evaluating a motion to dismiss, cannot satisfy the second prong of the retaliation test.[1]  Ober, relying on the quote that

---

[1] Here, Defendants concede, for purposes of this motion to dismiss, that Ober's preparation of the July 2003 memo accusing his superior officers of misconduct and corruption as well as his filing of prior lawsuits against the PSP is protected speech.  (doc. 6, p.

6

failing to hold a birthday party may be sufficient retaliatory conduct, contends that Defendants' 2004 meeting and subsequent referral to the United States Attorney's Office "goes far beyond a [sic] necessary standard." (doc. 13, p. 19). Ober's argument, however, is too narrow an interpretation of our inquiry in this case. "Determining whether a plaintiff's First Amendment rights were adversely affected by retaliatory conduct is a fact intensive inquiry focusing on the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts." *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir.2000)). Ober does not allege that he was aware of the retaliatory actions while he was a PSP employee. Instead, Ober first became aware of Defendants' actions on September 7, 2005, two months after he retired from the PSP. (doc. 1, ¶ 11).[2] Therefore, we consider whether an employee of "ordinary firmness" would be dissuaded from exercising his First Amendment rights if the employer, unbeknownst to the employee, unsuccessfully attempted to lodge criminal charges against him.

In evaluating Defendants' purported retaliatory conduct, we view Ober's lack of awareness of such conduct until

---

5).

[2] Ober alleges that he first became aware of the secret meeting and referral to the U.S. Attorney at Syndi Guido's deposition taken in connection with discovery in Ober III.

7

after he left his job to be a critical distinction in stating a claim.  That is, an employee may have an actionable retaliation claim against an employer that, with the knowledge of the employee, attempts to initiate a criminal prosecution against the employee.  In such a situation, it is likely that the employee, aware that his employer might seek to have him criminally prosecuted for engaging in constitutionally-protected conduct, would refrain from exercising his rights.  An employee unaware of the employer's attempts to have him prosecuted for exercising his First Amendment rights until after his employment, however, would not be deterred from exercising his First Amendment rights.  Ober, conceding that he was not aware of Defendants' alleged retaliatory conduct until a few months after terminating his employment with the PSP, falls within this latter category.  Consequently, his First Amendment retaliation claim fails as a matter of law.[3]

   *C.  Supplemental State-law Claims*

   Plaintiffs' complaint also presents state-law claims for assault, civil conspiracy, intentional infliction of emotion distress, violation of the right to privacy, retaliatory constructive discharge, and interference with destruction of familial bonds.  (doc. 1, ¶¶ 1, 16).  We will decline jurisdiction over these claims based on our dismissal of

---

   [3] As noted *supra*, Ober's complaint makes passing reference to a Fourth Amendment claim (doc. 1, ¶ 1), but provides no allegations to support such a claim.

8

Plaintiff's federal claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367(c)(3).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 10, 2007

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARRELL OBER,                    :
        Plaintiff
                                 :

        vs.                      :   CIVIL NO. 1:CV-07-0401

SYNDI GUIDO, RICK BROWN,         :
BARBARA CHRISTIE,
JOANNA REYNOLDS,                 :
CHARLES SKURKIS,
JEFFREY MILLER,                  :
        Defendants
```

*O R D E R*

AND NOW, this 10th day of August, 2007, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint, filed April 27, 2007 (doc. 5), based on the accompanying Memorandum, it is ordered that:

    1. Defendants' motion to dismiss is granted and Plaintiff's complaint is dismissed.

    2. The Clerk of Court shall close this file.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge